IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN BURNS, | No. C 12-2844 CW (PR) |
|     Petitioner, | ORDER DISMISSING PETITION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
|   v. | |
| KEVIN R. CHAPPELL, Warden, | (Docket nos. 3, 6) |
|     Respondent. / | |

    Petitioner, a state prisoner, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of the sentence he received in connection with his 1998 conviction for armed robbery and assault with a deadly weapon.  Petitioner previously challenged the validity of the same conviction in a habeas petition that was denied on the merits.  See Burns v. Lamarque, Case No. C 00-3519 CW (PR). Petitioner did not appeal the denial of that petition.

    A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).

    Because Petitioner here has not obtained prior approval from the Ninth Circuit Court of Appeals for this Court to consider his challenge to his sentence, the petition is DISMISSED without prejudice to Petitioner's filing a petition in this Court if he obtains the necessary order from the Ninth Circuit.[1]

---

[1] The gatekeeping function performed by a court of appeals applies only to a second or successive petition filed in the district court.  See Felker v. Turpin, 518 U.S. 651, 662 (1996).  A

In light of Petitioner's lack of funds, his application to proceed <u>in forma pauperis</u> is GRANTED.

Petitioner's motion for the appointment of counsel is DENIED as moot.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket nos. 3 and 6.

IT IS SO ORDERED.

Dated: 6/21/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

petitioner still may file an original successive habeas petition in the United States Supreme Court, in which case the court of appeals' permission to file is not needed. <u>See id.</u> at 660-61.

2